PER CURIAM.
Appellant seeks review of a judgment and sentence to 25 years in prison after a verdict of guilty of murder in the second degree. Appellant had been brought to trial on an indictment of first degree murder. Appellant’s motion for new trial was denied and she appeals on the sole ground that the court erred in not reducing its entire charge to the jury in writing as required by Section 918.10(2), F.S.A.
The court duly instructed the jury orally from prepared written instructions which included charges on first degree murder, murder in the second degree, murder in the third degree, manslaughter, justifiable homicide, excusable homicide and self defense. Extemporaneously he instructed the jury on the various verdicts they could return and on a recommendation of mercy. After the jury retired counsel for appellant objected to the oral charge and noted that the charge was outside the written instructions furnished to the jury.
In the oral charge in question the trial judge stated that:
“When you retire to your jury room for my charges, there are concerned here, first, the charge which is made against her of murder in the first degree. As I told you, if you find her guilty of that charge, it must be by your unanimous vote. If you do so, then you can and you should consider whether or not you wish to recommend her to the mercy of the Court. That question, you will determine by a majority, that is, a majority of you may recommend that. If you find that she is not guilty of murder in the first degree, then you should consider whether or not she is guilty of the lesser included charge of murder in the second degree. If you find her not guilty of the crime of murder in the second degree, you should consider murder in the third degree. And if you find her not guilty of that charge, you should consider whether or not she is guilty of the crime of manslaughter. If you find that she is not guilty of any one of those, then, of course, your verdict is one of not guilty.”
*496 It should also be noted that the court instructed the jury on a recommendation of mercy, which was included in the written instruction on probation and parole which read in' part:
“The question of whether mercy should be recommended is to be determined by the jury in a fair and impartial manner * *
We are of the opinion that the oral charge excepted to by appellant is merely a clarification of the written charges which are clearly most adequate in that everything which was necessary in order to properly determine the guilt or innocence of appellant was included, thereby satisfying the requirements of Section 918.10(2), F.S.A.
Affirmed.
HOBSON, Acting C. J., and MANN and McNULTY, JJ., concur.